## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**               **Case No. 22-CR-092-JFH**

**KAIRA LEIGH WILSON,**

    **Defendant.**

## <u>OPINION AND ORDER</u>

Before the Court is a motion to dismiss ("Motion") filed by Defendant Kaira Leigh Wilson ("Defendant"). Dkt. No. 43. The United States of America ("Government") opposes the Motion. Dkt. No. 44. For the reasons stated, the Motion is DENIED.

Defendant is charged with one count of child abuse in Indian country. Dkt. No. 2. The indictment reads:

> On or about March 12, 2020, within the Eastern District of Oklahoma, in Indian Country, the defendant, Kaira Leigh Wilson, an Indian, did willfully and maliciously cause and threaten harm to the health, safety, and welfare of K.M., a child under the age of eighteen, by willfully and maliciously injuring K.M., in violation of Title 18, United States Code, Sections 1151, 1153, and Title 21, Oklahoma Statutes, Section 843.5(A).

*Id.* Defendant claims the indictment does not inform her of the accusation against her with sufficient specificity. Dkt. No. 43 at 1. She argues the indictment is defective because it does "not include any statement of the facts and circumstances of what specific action [Defendant] took on March 12, 2020 to 'willfully and maliciously' injure K.M." and does not "include a statement of the facts and circumstances of K.M.'s injuries." *Id.* at 2-3. According to her, the indictment as written only states the generic language of the criminal statute and "does not descend to particulars that would apprise [her] with reasonable certainty of the nature of the accusation against her." *Id.*

at 3.  The Government responds that the indictment places Defendant on reasonable notice of the charges against her because it specifies both a date certain and a victim.  Dkt. No 44 at 3.

An indictment must set forth the elements of the offense charged, put the defendant on fair notice of the charges against which she must defend, and enable the defendant to assert a double jeopardy defense.  *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997).  Federal Rule of Criminal Procedure 12(b) allows a defendant to seek dismissal on the grounds that an indictment lacks specificity.  Fed. R. Crim. P. 12(b)(3)(B)(iii).  However, "[c]hallenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence."  *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006).  "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the [offense] intended to be punished."  *United States v. Powell*, 767 F.3d 1026, 1030 (10th Cir. 2014).  "[W]here the indictment quotes the language of a statute and includes the date, place, and nature of illegal activity, it need not go further and allege in detail the factual proof that will be relied upon to support the charges."  *United States v. Redcorn*, 528 F.3d 727, 733 (10th Cir. 2008) (quotation omitted).  "An indictment need only meet minimal constitutional standards; we determine the sufficiency of an indictment by practical rather than technical considerations."  *Powell*, 767 F.3d at 1030.

Here, the indictment includes the date, place, and nature of illegal activity:  March 12, 2020, within the Eastern District, willful and malicious injury of K.M., a child under the age of eighteen (18).  Practically speaking, this is specific enough for Defendant to be fairly informed of the charge against her and consequently meets the minimal constitutional standard described in

*Redcorn* and *Powell*.   It is not necessary for the indictment to contain details of specific alleged actions by Defendant or specific alleged injuries sustained by K.M.

IT IS THEREFORE ORDERED that the motion to dismiss [Dkt. No. 43] filed by Defendant Kaira Leigh Wilson is DENIED.

DATED this 26th day of September 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE