IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KAIRA LEIGH WILSON,<br><br>Defendant. | Case No. 22-CR-092-JFH |

## OPINION AND ORDER

Before the Court is a second motion to dismiss ("Motion") filed by Defendant Kaira Leigh Wilson ("Defendant"). Dkt. No. 82. The United States of America ("Government") opposes the Motion. Dkt. No. 83. Defendant obtained leave to file a reply brief. Dkt. No. 86. For the reasons stated, the Motion is DENIED.

Defendant is charged with one count of child abuse in Indian country. Dkt. No. 2. The indictment reads:

> On or about March 12, 2020, within the Eastern District of Oklahoma, in Indian Country, the defendant, Kaira Leigh Wilson, an Indian, did willfully and maliciously cause and threaten harm to the health, safety, and welfare of K.M., a child under the age of eighteen, by willfully and maliciously injuring K.M., in violation of Title 18, United States Code, Sections 1151, 1153, and Title 21, Oklahoma Statutes, Section 843.5(A).

*Id.* She seeks dismissal of the indictment pursuant to Federal Rule of Criminal Procedure 12 on the theory that the indictment improperly assimilates Oklahoma law and consequently fails to state an offense. Dkt. No. 82 at 1.

Defendant is charged under the Major Crimes Act ("MCA"), codified at 18 U.S.C. § 1153. The MCA reads in its entirety:

> (a) Any Indian who commits against the person or property of another Indian or other person any of the following offenses,

> namely, murder, manslaughter, kidnapping, maiming, a felony under chapter 109A, incest, a felony assault under section 113, an assault against an individual who has not attained the age of 16 years, felony child abuse or neglect, arson, burglary, robbery, and a felony under section 661 of this title within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.
>
> (b) Any offense referred to in subsection (a) of this section that is not defined and punished by Federal law in force within the exclusive jurisdiction of the United States shall be defined and punished in accordance with the laws of the State in which such offense was committed as are in force at the time of such offense.

18 U.S.C. § 1153.  There is no federal felony child abuse statute.  *See United States v. Other Medicine*, 596 F.3d 677, 681 (9th Cir. 2010).  "Without a federal law defining and punishing felony child abuse, the government may look to applicable state law to define the crime."  *Id.*  And so the Government did here.  It charged Defendant under 21 O.S. § 843.5(A), which states,

> Any person who shall willfully or maliciously engage in child abuse, as defined in this section, shall, upon conviction, be guilty of a felony punishable by imprisonment in the custody of the Department of Corrections not exceeding life imprisonment . . . or by a fine of not less than Five Hundred Dollars ($500.00) nor more than Five Thousand Dollars ($5,000.00), or both such fine and imprisonment.

21 O.S. § 843.5(A).

Defendant argues that the Oklahoma felony child abuse statute should not be assimilated under the MCA because the federal assault statute, 18 U.S.C. § 113, "reveals 'an intent to occupy so much of a field as would exclude use of the particular state statute at issue.'"  Dkt. No. 82 at 3 (quoting *Lewis v. United States*, 523 U.S. 155, 164 (1998)).  Defendant relies on *Lewis* throughout the Motion, analogizing its discussion of the Assimilative Crimes Act ("ACA"), 18 U.S.C. § 13, to the indictment in this case under the MCA.  *See generally* Dkt. No. 82.

Defendant's argument is unpersuasive. The plain language of the MCA indicates that Congress considered assault and felony child abuse to be separate crimes: "Any Indian who commits . . . a felony assault under section 113 . . . [*or*] felony child abuse or neglect . . . within the Indian country[] shall be subject to the same law and penalties as all other persons committing any of the above." 18 U.S.C. § 1153(a). The Court could end its analysis there. However, it finds it appropriate to note that the Honorable Ronald A. White has *twice considered* the interplay between *Lewis* and assimilated child abuse under the MCA and has *twice rejected* the same argument Defendant raises here.[1] Although these decisions are not binding on this Court, they are persuasive, and the Court today rules in harmony with them.

In *United States v. Ross*, the defendant sought dismissal arguing that the *Lewis* ACA analysis applied to assimilated child abuse under the MCA. *Ross*, 2013 WL 66651. The court denied the defendant's motion to dismiss. Judge White first noted that subsection (a) "expressly lists 'felony child abuse' as an offense." *Id.* at *1. He then explained that the Government is "not required 'to charge a crime defined and punished by federal law when a defendant's conduct fits such a crime' when 'the defendant's conduct also fits a separate Major Crimes Act crime defined and punished by state law.'" *Id.* (quoting *Other Medicine*, 596 F.3d at 681).

Nine years after *Ross*, Judge White was asked to again review the interplay between *Lewis* and the MCA's assimilation clause. *United States v. Sizemore*, 2022 WL 10661790. He revisited his *Ross* analysis and reaffirmed its holding, denying the defendant's motion to dismiss because "there is federal jurisdiction under the Major Crimes Act to prosecute cases of physical assault on

---

[1] *See United States v. Ross*, Case No. CR-12-081-RAW, 2013 WL 66651 (E.D. Okla. Jan. 4, 2013); *United States v. Sizemore*, Case No. CR-21-138-RAW, 2022 WL 10661790 (E.D. Okla. Oct. 18, 2022). Neither party cited either of these cases, despite them being directly on point and issued in this District.

a child either as a misdemeanor or—if the elements of a state-defined felony are present—as 'felony child abuse' [under the MCA]." *Id.* at *1 (quotation omitted).  This Court agrees with and adopts Judge White's reasoning.  And, thus, the same result is warranted today.

IT IS THEREFORE ORDERED that the motion to dismiss [Dkt. No. 82] filed by Defendant Kaira Leigh Wilson is DENIED.

DATED this 14th day of April 2023.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE