IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KAIRA LEIGH WILSON,<br><br>Defendant. | Case No. 22-CR-092-JFH |

**OPINION AND ORDER**

Before the Court are various notices and motions (Dkt. Nos. 110, 111, 113, 119) filed in anticipation of trial, set to commence January 8, 2024. (*See* Dkt. No. 106 at 3.) The Court discusses each below.

**A. Notices of Intent to Offer Expert Testimony (Dkt. Nos. 110, 111)**

Defendant's notice covers testimony from three individuals: Susan Cave, M.D.; Joseph Scheller, M.D.; and Everett Baxter, Jr. (*See* Dkt. No. 110.) It comports with Federal Rule of Criminal Procedure 16(a)(1)(G) and is unobjected to. For this reason, Defendant may present these individuals' expert testimony, subject to Federal Rules of Evidence 702 and 703.

The Government's notice covers one individual: Suzanne Dakil, M.D. (*See* Dkt. No. 111.)[1] Defendant objects to its form, suggesting it lacks both a complete statement of all opinions the Government intends to elicit and the bases and reasons for those opinions. (*See* Dkt. No. 118 at 1–4 (citing Fed. R. Crim. P. 16(a)(1)(G)(iii), Advisory Committee Notes regarding 2022 Amendments).) The Court disagrees.

According to the notice, Dr. Dakil is a board-certified pediatrician in Child Abuse and Neglect Pediatrics, an Assistant Professor in Pediatrics and a Fellowship Director for the Child

---

[1] The Government also provided a notice for a second individual, Mary Stockett, M.D., but it now indicates that it no longer intends to call Dr. Stockett. (*See* Dkt. Nos. 36, 124.) Defendant's objection to this notice (Dkt No. 120) is therefore moot.

Abuse and Neglect Pediatrics program at the University of Texas Southwestern. (Dkt. No. 111 at 4.) She was also one of K.M.'s treating physicians. (*Id.* at 1.) And based on Dr. Dakil's first-hand observations and her review of materials provided through discovery, Dr. Dakil will opine on the "injuries and the medical diagnosis of [K.M.'s] non-accidental trauma and abusive head injury." (*Id.* at 2.) This is sufficient to satisfy Rule 16(a)(1)(G)(iii). *See U.S. v. Menees*, 2023 WL 127032, slip op. at 2 (E.D. Okla. 2023) (finding similar disclosure adequate under Rule 16). For this reason, the Government may present Dr. Dakil's expert testimony, subject to Federal Rules of Evidence 702 and 703.

### B. Government's Rule 404(b) Notice (Dkt. No. 113)

The Government intends to offer evidence regarding Defendant's physical treatment of K.M. and a sibling in the days leading up to the March 12, 2020 incident. (*See generally* Dkt. No. 113.) This evidence will come from Lawana Dunigan's and Patience Graham's testimony. (*Id.* at 6.) They allegedly witnessed aggressive and inappropriate treatment of the children and, at least on one occasion, warned Defendant "that she was [being] too rough." (*Id.*) The Government contends this evidence demonstrates that the March 12, 2020 incident did not result from a mistake or accident. (*See id.* at 4–7 (citing Fed. R. Evid. 404(b)).) Defendant objects, arguing (1) the testimony would lack probative value, (2) the Government fails to establish a proper purpose for its admission, and (3) regardless, it would be unfairly prejudicial.

As to probative value, the Government must prove that Defendant willfully and maliciously abused K.M. *See* 21 Okla. Stat. Ann. § 843.5(A). To do so, the Government intends to offer statements Defendant made to first responders regarding alleged attempts to revive K.M. after he fell ill which, in retrospect, may have contributed to K.M.'s injuries (*See* Dkt. No. 113 at 2.) To the extent Defendant disregarded recent warnings regarding roughly handling the children, those warnings would be relevant in demonstrating that K.M.'s alleged conduct on the night in question resulted from willful or malicious intent, rather than accident or mistake. *See* Fed. R. Evid. 401. For this reason, at least some of Ms. Dunigan's and/or Ms. Graham's proposed

testimony has probative value.

But as to the purpose for its admission, indeed, the Federal Rules of Evidence generally prohibit the introduction of character/propensity evidence. Fed. R. Evid. 404(a). Although the rules allow it if used for another purpose, such as to prove motive, intent, absence of mistake, or lack of accident. Fed. R. Evid. 404(b). Here, to the extent the Government solicits Ms. Dunnigan's and/or Ms. Graham's testimony to prove that Defendant handled one of the children roughly in the past, ***and that Defendant was directly warned about this treatment***, it would be admissible, as it would be for the purpose of demonstrating that Defendant's alleged treatment of K.M. on March 12, 2020 did not result from a mistake or accident. This is a permissible purpose under Rule 404(b). *See U.S. v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000).

As to the prejudicial impact, the Court disagrees with Defendant. While this testimony may be prejudicial, this is not the relevant legal standard. It need only be excluded if it is (1) *unfairly* prejudicial and (2) this prejudice *substantially outweighs* its probative value. Fed. R. Evid. 403. After careful consideration of the briefing, the Court deems such evidence not *unfairly* prejudicial. Nor would that prejudice *substantially* outweigh its probative value. Again, ***this is only in relation to testimony regarding Defendant's treatment of the children if that treatment was followed by warnings***. It does not apply to alleged mistreatment untethered to a resulting warning.

For the reasons described above, the Court finds that the Government may solicit testimony regarding Defendant's recent treatment of K.M. and his sister, *but only* to the extent the Government also offers testimony that Defendant was warned about it on that particular occasion.

### C. Defendant's Omnibus Motion *in Limine* (Dkt. No. 119)[2]

Defendant's motion *in limine* (Dkt. No. 119) seeks various pretrial rulings which the

---

[2] In addition to the requests addressed below, Defendant also asked to exclude a forensic interview of one of the other children present at the home on March 12, 2020, when the alleged

3

Court prefers to reserve judgment on until the necessary context is developed.

Defendant first asks the Court to enter preliminary orders limiting (1) the cross-examination of Defendant's expert and (2) improper comments and argument, more generally, by Government attorneys. (*See id.* at 2–7.) The Court declines to do so. While the Court will not tolerate improper questions, statements, and comments, it starts from the position that counsel will comply with their professional obligations. Should the need arise, the Court will deal with departures from those obligations in due course.

Defendant next asks the Court to exclude testimony from Jordan Polk which may be speculative, unreliable, irrelevant, impermissible opinion, and/or unduly prejudicial. (*See id.* at 9–11.) Again, the Court declines the request. To the extent the Government attempts to solicit such testimony, Defendant may lodge an objection, which the Court will address. It will not rule in the abstract, though.

Defendant also asks the Court to order that the Government not refer to K.M. as the "victim" at trial, given its possible prejudicial impact. (*See id.* at 11–12.) However, the Government has represented that it will not do so in an excessive and/or prejudicial manner. (*See* Dkt. No. 122 at 11–12.) For this reason, the Court declines Defendant's request. If during the course of trial Defendant feels the Government has violated this promise, Defendant may raise the issue at that time. But not before then.

Accordingly, Defendant's omnibus motion *in limine* (Dkt. No. 119) is DENIED without prejudice. Defendant may renew any of these requests during trial, which the Court will address contemporaneously.

//
//
//
//

---

abuse occurred. (*See* Dkt. No. 119 at 8–9.) As the Government has since indicated that it does not intend to introduce this interview, (*see* Dkt. No. 122 at 10), this request is moot.

DATED this 4th day of December 2023.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE