IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 22-CR-092-JFH |
| KAIRA LEIGH WILSON, | |
| Defendant. | |

### OPINION AND ORDER

Presently before the Court is Defendant's second motion *in limine* (Dkt. No. 131). In it, Defendant asks the Court to limit testimony the Government may elicit from its expert, Suzanne Dakil, M.D. (*See generally id.*) For the reasons described below, the motion is GRANTED in part and DENIED in part.

Defendant first asks the Court to preclude solicitation of Rule 704(b) testimony from Dr. Dakil. (Dkt. No. 131 at 2–4) (citing Fed. R. Evid. 704). At issue is the import of an opinion regarding "abusive head trauma," specifically, whether it is a medical diagnosis or (given the inherently willful nature of abusive conduct) whether it speaks directly to the issue of Defendant's alleged intent. (*Id.*) If so, argues Defendant, this would improperly invade the jury's purview. (*Id.*)

On reply, though, Defendant slightly modifies its request, now suggesting that Dr. Dakil may opine as to whether K.M.'s "symptoms were *consistent* with abusive head trauma." (Dkt. No. 138 at 2.) The Court agrees with this approach, so GRANTS the motion in part. The proposed opinion accords with recent decisions within this District.[1] In addition, the Court finds that Such testimony may assist the trier of fact in understanding the extent and type of K.M.'s

---

[1] *See U.S. v. Keys*, 638 F. Supp. 3d 1282, 1293 (E.D. Okla. 2022); *U.S. v. Collins*, 2023 WL 6842251, slip op. at 4 (E.D. Okla. 2023); *U.S. v. Menees*, 2023 WL 127032, slip op. at 4 (E.D. Okla. 2023).

symptoms and injuries, without opining on an ultimate issue in this case, namely, Defendant's mental state during the events at issue. *See* Fed. R. Civ. P. 704(b).

Defendant next asks the Court to bar the solicitation of certain foundation evidence which Dr. Dakil used in forming her opinion. (Dkt. No. 131 at 5–7) (citing Fed. R. Evid. 703). Defendant cautions against allowing the Government to use Rule 703 as a conduit for the introduction of what would otherwise be hearsay testimony involving K.M.'s medical history. (*Id.*) But given the balance the Court must strike in assessing such testimony, *i.e.*, weighing its probative value with its possible prejudicial effect, *see* Fed. R. Evid. 703, the Court declines Defendant's request. Instead, it reserves ruling on the issue for trial. *See Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007) (a court is almost always better situated during the actual trial to assess the value and utility of evidence).

DATED this 22nd day of December 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE